**Joseph Servin LEE, as Trustee for the Heirs and Next of Kin of Decedent, Adam Joseph Lee, Appellant,**

**v.**

**STATE of Minnesota, DEPARTMENT OF NATURAL RESOURCES, Meeco Marinas, Inc., Respondents.**

**CITY OF ROSEVILLE, Defendant and Third-Party Plaintiff, Respondent,**

**v.**

**Joseph S. LEE, et al., Third–Party Defendants.**

No. C6–91–1388.

Court of Appeals of Minnesota.

Dec. 17, 1991.

Review Denied Feb. 10, 1992.

Joseph F. Lulic, Hanson, Lulic & Krall, Minneapolis, for Joseph Servin Lee, as Trustee for the Heirs and Next of Kin of Decedent, Adam Joseph Lee.

Hubert H. Humphrey, III, Atty. Gen., P. Kenneth Kohnstamm, Asst. Atty. Gen., St. Paul, for State of Minn.

Barbara A. Burke, Cousineau, McGuire & Anderson, Minneapolis, for Meeco Marinas, Inc.

Mary P. Rowe, Pierre N. Regnier, Jardine, Logan & O'Brien, St. Paul, for City of Roseville.

Considered and decided by FORSBERG, P.J., and CRIPPEN and DAVIES, JJ.

## OPINION

DAVIES, Judge.

The trial court granted summary judgment in a wrongful death action on grounds that there was no genuine issue of material fact as to causation. We affirm on other grounds.

## FACTS

Appellant's home in Roseville is located adjacent to a park which contains playground equipment and a fishing lake and pier. At about 5:30 p.m. on May 19, 1989, appellant's son, Adam, went out to play; he was approximately 4½ years old. At about 12:30 a.m. on May 20, 1989, his body was found face down in the fishing lake near his home, 33 feet out into the lake and within a foot of the fishing pier. There was no evidence of foul play. The lake dropped off in that area from about four feet deep near the shore to deeper than a man's head ten to twelve feet from shore. Adam was less than four feet tall and could not swim. The diver who found Adam testified in a deposition that there was no perceptible current that night and that

when a person drowns, the body usually sinks directly to the bottom, subject only to whatever current is present.

## ISSUE

Did the trial court err in granting summary judgment on the grounds that there was no genuine issue of material fact as to causation?

## ANALYSIS

On appeal from a summary judgment it is the function of th[e] court only to determine (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law.

*Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979).

Appellant argues there is sufficient evidence of the cause of Adam Lee's death to require a jury trial. Appellant's theory is that respondents were negligent in designing and constructing a pier without a self-closing gate and with railings that did not meet the standards of the Uniform Building Code, Section 1711 (in that a sphere more than six inches in diameter could pass through). Appellant cites *Restatement (Second) of Torts* § 339 (1965) in support of this position, arguing that the unimpeded access to the pier and inadequate guardrails made the pier unreasonably dangerous to children.

■ As in any negligence case, appellant must prove that respondents' act or failure to act breached a duty to appellant and that such negligence was the proximate cause of the injury. *Marlow v. Columbia Heights,* 284 N.W.2d 389, 392 (Minn.1979). If any of these elements is not proved, the claim must be dismissed. *Id.*

For purposes of the summary judgment motion the trial court assumed the pier's design was, in fact, defective, assumed the facts as appellants stated them, and framed the issue as whether or not there was adequate evidence of causation to get to the jury. We, however, see the controlling question as being whether respondents had a duty to prevent appellant's son from gaining access to and falling from the pier.

■ There are five elements to negligence under § 339 of the *Restatement (Second) of Torts* (1965). There is negligence where an artificial condition exists and a) children are known to trespass, b) the condition is known to involve an unreasonable risk of harm, c) children are unlikely to discover or realize the risk, d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to the children involved, and e) reasonable care is not exercised to protect the children.

■ A pier is an artificial condition which is intended to provide better access to a natural condition, a lake. A public park and lake are maintained specifically for use by the public at large, both adults and children, and, while a gate on a pier might not be a major burden, it would by no means eliminate the obvious danger of the lake itself. To meet the requirements of *Restatement* § 339, an artificial condition must pose an unreasonable risk that children will not discover or will not realize is a risk.

■ As the *Restatement* comments explain, there is no duty for a landowner to prevent dangers that are obvious even to children and that should be recognized by children old enough to be unsupervised. *Restatement (Second) of Torts* § 339, Comments i. & j. (1965).

## DECISION

We hold that respondents had no duty to restrict access by installing a gate on the pier or to make the pier railings childproof. Although we affirm on other grounds and do not reach the issue of whether there was sufficient evidence of causation to get to a jury, the trial court did not err in granting summary judgment for respondents.

Affirmed.