Michelle SIREK, a minor, by Mabel BEAUMASTER, Guardian Ad Litem, Respondents,

v.

STATE of Minnesota, DEPARTMENT OF NATURAL RESOURCES, Appellant.

Douglas SCHUTTA, defendant and third-party plaintiff, Respondent,

v.

Emmett SIREK, et al., third-party defendants, Respondents.

No. C5-91-2063.

Court of Appeals of Minnesota.

May 12, 1992.

Review Granted July 16, 1992.

Mitchell R. Spector, Sally S. Spector, Abrams & Spector, P.A., Minneapolis, for Michelle Sirek by Mabel Beaumaster.

Hubert H. Humphrey, III, Atty. Gen., Mary Ann Bernard, Sp. Asst. Atty. Gen., St. Paul, for State of Minn., Dept. of Natural Resources.

Gene P. Bradt, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, for Douglas Schutta.

William L. Lubov, Minneapolis, for Emmett Sirek, et al.

Considered and decided by KLAPHAKE, P.J., FORSBERG and STONE*, JJ.

## OPINION

KLAPHAKE, Judge.

The State of Minnesota contends that the trial court erred in denying its motion for summary judgment because it is immune from liability for Michelle Sirek's injuries under Minn.Stat. § 3.736, subd. 3(h) (1990). We affirm.

## FACTS

On June 26, 1988, the Sirek family visited Interstate State Park. After swimming and a picnic, the family decided to hike the park's mile-long Curtain Falls Trail, located on the opposite side of Highway 8 from the parking lot and picnic area. At that time, a pedestrian culvert running under Highway 8 provided access to the trail. The trail was not, however a "closed loop." Instead, it terminated at Highway 8 across from the

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

parking lot and approximately 500 feet from its beginning point at the culvert.[1]

As the Sireks approached the trail terminus at 5:00 p.m., they heard and saw heavy traffic on Highway 8. The family waited for the traffic to clear so that they could cross the highway. Their ten-year-old son grew tired of waiting, retraced the trail to the culvert and walked through the culvert to the parking lot. The remaining four family members continued to wait. After waiting for approximately 10 to 15 minutes six-year-old Michelle suddenly ran from her parents' side onto Highway 8 in an attempt to return to the parking lot. An oncoming van struck her, causing serious injuries. Michelle failed to see the van although the van driver saw the Sireks.

Through her guardian ad litem, Michelle Sirek sued the Minnesota Department of Natural Resources (DNR), the park owner, arguing that the DNR negligently failed to reroute the trail to prevent hikers from crossing Highway 8. Sirek's evidence showed the trail configuration did not comply with DNR guidelines which recommended a "loop design" whenever possible. In addition, Sirek produced evidence from a traffic engineering consultant showing the sight lines at the trail terminus were inadequate under DNR guidelines.

The DNR moved for summary judgment claiming, among other things, that it was immune from liability under Minn.Stat. § 3.736, subd. 3(h) (1990). The trial court denied the motion and this court granted discretionary review.

## ISSUES

1. Is a landowner's duty to a trespassing child governed by Restatement (Second) of Torts § 339 (1965) where the child is accompanied by her parents?

2. Did the trial court err in finding that material fact questions precluded summary judgment?

**1.** This trail configuration evidently did not comply with DNR guidelines, promulgated in 1982, which were intended to "serve as a guide for

## ANALYSIS

On review of a summary judgment motion, this court determines whether genuine issues of material fact exist and whether the trial court erred in its application of the law. *Offerdahl v. University of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). We need not defer to the trial court's conclusions of law. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Util. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

### 1. Standard of Care.

The state and its employees are not liable for:

[A] loss incurred by a user arising from the construction, operation, or maintenance of the outdoor recreation system * * * except that the state is liable for conduct that would entitle a trespasser to damages against a private person.

Minn.Stat. § 3.736, subd. 3(h) (1990). The DNR is thus immune from liability unless it fails to conform to the standard of conduct imposed under the law of trespass as defined in the Restatement (Second) of Torts §§ 333–339. *Green–Glo Turf Farms, Inc. v. State*, 347 N.W.2d 491, 494 (Minn.1984); *Cobb v. State, Dept. of Natural Resources*, 441 N.W.2d 839, 841 (Minn. App.1989). The scope of a defendant's legal duty is a question of law. *See Larson v. Larson*, 373 N.W.2d 287, 289 (Minn. 1985).

The parties agree that Michelle Sirek was a trespasser under Minn.Stat. § 3.736, subd. 3(h), but disagree as to whether section 335 of the Restatement (pertaining to trespassers generally) or the more stringent section 339 (pertaining to child trespassers) applies to this action. The trial court declined to decide the issue, finding that material fact questions existed under either standard, precluding summary judgment.

Minnesota courts have not determined which Restatement standard governs the duty owed a trespassing child who is accompanied or supervised by an adult.

[future] development." Highway 8 and the Curtain Falls Trail were both built in the 1930's.

However, the supreme court has stated that whether a trespassing minor is to be treated as a trespassing child under Restatement § 339 depends upon "the age and maturity of the child, the character of the danger and the child's ability to avoid the danger." *Hughes v. Quarve & Anderson Co.*, 338 N.W.2d 422, 425 (Minn. 1983). This test does not involve consideration of whether the trespassing minor was accompanied by an adult. *Id.*

We agree that no good reason exists in law, policy, or logic for allowing the presence of an adult to minimize or otherwise obviate the landowner's duty to a trespassing child. The liability of the supervising adult, if any, in such a circumstance is a question of contributory negligence, which does not affect the landowner's duty to the child. We thus hold that where the landowner has reason to know that children will be present on the land the appropriate standard of care applicable to a trespassing child is governed by Restatement § 339, regardless of whether the child is in the custody or under the supervision of an adult.

2. Duty.

Under Restatement § 339,

A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

Restatement (Second) of Torts § 339 (1965). As with section 335, a plaintiff must establish the existence of every element of section 339 to establish a cause of action. *See Hughes*, 338 N.W.2d at 425; *Cobb*, 441 N.W.2d at 841. The DNR argues that summary judgment is appropriate because Sirek has failed to demonstrate the existence of material fact issues on elements (b), (c) and (d) above. We disagree.

The DNR's primary argument is that because the undisputed facts show that Michelle was of sufficient age and maturity to know and appreciate the risks and dangers of a busy highway, she failed to satisfy element (c), relying on *Lee v. State, Dept. of Natural Resources*, 478 N.W.2d 237 (Minn.App.1991), *pet. for rev. denied* (Minn. Feb. 10, 1992). In *Lee*, appellant's four-year-old son drowned after apparently falling from a pier located in a public park. Appellant sued the DNR, contending among other things that unimpeded access to the pier and inadequate guardrails made the pier unreasonably dangerous to children. Analyzing the case under Restatement § 339, we affirmed the trial court's grant of summary judgment to the state, holding that a property owner was not obligated to prevent a risk that is obvious to children old enough to be unsupervised. *Id.* at 239, (citing Restatement (Second) of Torts § 339, comments i. & j. (1965)).

■ This is, however, a different case than *Lee*. A child old enough to be unsupervised can ordinarily see and comprehend the danger associated with a body of water. Here, in contrast, while Michelle may have understood the dangers associated with traffic in a broad sense, it is far from clear that she or any other six-year-old child would comprehend dangers presented by hidden traffic emerging from behind a curve in a roadway, especially a roadway with sight-distance deficiencies. On this record, we conclude that Sirek has demonstrated the existence of a material fact

issue as to whether Michelle realized and appreciated the risk of oncoming traffic hidden from view by the curve in the roadway.

The DNR also contends that Sirek failed to demonstrate the existence of fact issues regarding the DNR's knowledge that the trail configuration posed an unreasonable risk of harm to children, and that the cost of the trail configuration outweighed the benefits. We disagree.

Park officials testified that they were aware that families with children used the trail, that trail users often crossed Highway 8 to return to the parking lot and that they often had to wait to cross because of substantial automobile traffic. It also appears from the record that crossing the highway was the only feasible means of returning to the parking lot because a ditch paralleling the highway, which might otherwise have allowed hikers to return to the culvert crossing, was often filled with dense brush or standing water.

In addition, we are unpersuaded that, as a matter of law, the cost of minimizing the dangers to hiking children exceeded the risk. Although the DNR ultimately spent $10,000 to reconfigure the trail, a finder of fact might conclude that other steps, such as the installation of a stop sign or directional arrows, might have accomplished the same objective at substantially less cost.

The record demonstrates the existence of fact issues regarding the DNR's knowledge that the trail configuration posed an unreasonable risk of harm to trespassing children, and whether the cost to remedy the danger exceeded the risk posed to hiking children. We thus conclude that summary judgment was properly denied.

### DECISION

Affirmed.